# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

GARY ZELDA,    Case No. 09-79209
               Chapter 7
               Hon. Thomas J. Tucker

    Debtor.

___

**OBJECTION OF TALMER BANK & TRUST TO CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE OF ANY INTEREST, TO PAY REDEMPTION AMOUNT IN FULL, AND TO PAY JUNIOR LIENS AS UNSECURED CREDITORS; (2) TO APPROVE SALE PROCEDURES; AND (3) FOR OTHER RELIEF**

    NOW COMES Talmer Bank & Trust f/k/a First Michigan Bank, as successor in interest to Peoples State Bank pursuant to the Purchase and Assumption Agreement dated February 11, 2011 (the "Bank"), by and through its attorneys, Strobl & Sharp, PC, and hereby Objects to the Trustee's Motion for Authority to Sell Real Property Free of Any Interest, to Pay Redemption Amount in full, and to Pay Junior Liens as Unsecured Creditors; (2) To Approve Sale Procedures; and (3) For Other Relief (the "Motion") as follows:

    1.  That Creditor is a holder of a third mortgage on real property formerly owned by the Debtor and located at 2847 Ramieri, Troy, MI (the "Property");

    2.  On February 8, 2011, the Property was sold at a foreclosure sale;

    3.  The Trustee's Motion proposes to sell the Property free and clear of all interests to a third party for an amount greater than the redemption price. The Trustee states he will pay the redemption price, and keep the net proceeds for the estate, subject only to the Debtor's claimed exemption;

4. The Trustee's Motion clearly proposes to strip the lien on both the second and third mortgages alleging there is no equity in the home to support any portion of either the second or third mortgage;

5. At this time, the Trustee has failed to provide the Bank with any evidence that the Property is worth less than the combined value of the redemption value and the value of the second mortgage;

6. The Bank is entitled to have a complete appraisal of the subject property;

7. Furthermore, the Bank is entitled to a declaratory action to determine the validity and extent of its lien in order to satisfy due process. FRBP 7001 provides in pertinent part, "An adversary proceeding …is a proceeding…(2) to determine the validity, priority, or extent of a lien…";

8. Upon the request of a party in interest for the Bankruptcy Court to determine the extent of a lien or the value of the collateral forming the basis of the lien, adversary proceedings are required as contemplated by FRBP 7001(2) and FRBP 3012. <u>Wright v. Commercial Credit Corporation</u>, 178 B.R. 703 (E.D. Virginia 1995); and

9. That upon information and belief, there is equity in the subject property above and beyond the redemption amount and the second mortgagee's lien which entitles the Bank to a fully secured lien on the subject property which cannot be crammed down or modified;

WHEREFORE, Talmer Bank & Trust respectfully requests that this Honorable Court enter an Order denying the Trustee's Motion and granting such other relief as is just and proper under the circumstances

        Respectfully submitted,
        **STROBL & SHARP, P.C.**

        BY: /s/ Meredith E. Taunt
        Pamela S. Ritter (P47886)
        Meredith E. Taunt (P69698)
        Attorneys for Talmer Bank & Trust, f/k/a First Michigan Bank, As successor in interest to Peoples State Bank

Dated: June 16, 2011    300 East Long Lake Road Suite 200
        Bloomfield Hills, MI 48304
        Telephone: (248) 540-2300
        Facsimile: (248) 645-2690
        mtaunt@stroblpc.com